1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

7
8
9
10
11
12

ELISA PRICE, individually and as limited
guardian ad litem for her son C.P.,

                Plaintiff,

      v.

UNITED STATES OF AMERICA,

               Defendant.

CASE NO. C13-5890 BHS

ORDER GRANTING MOTION
TO DISMISS WITHOUT
PREJUDICE

13
14
15
16

     This matter comes before the Court on Defendant United States of America's ("Government") motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) (Dkt. 6). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

17

**I. PROCEDURAL  & FACTUAL BACKGROUND**

18
19
20
21
22

     On December 28, 2011, Plaintiff Elisa Price ("Price"), individually and as limited guardian ad litem for her son C.P., filed a complaint in Pierce County Superior Court against Chief Leschi Schools and Richard Keller ("Keller"), individually and on behalf of the marital community composed thereof.  Dkt. 1-2. The complaint alleges that on May 18, 2010, C.P. was struck by a bus while crossing at a controlled intersection with the

1  crossing signal in his favor. *Id.* at 3. Plaintiff maintains the bus was driven by Keller.

2  Dkt. 8 at 1.

3      On August 15, 2013, Price filed an administrative claim with the Bureau of Indian

4  Affairs ("Bureau") regarding the alleged May 18, 2010 incident, which is the subject of

5  her complaint. Dkt. 7 at 4-8.

6      On October 8, 2013, the Government removed the action to this Court pursuant to

7  the Federal Tort Claims Act ("FTCA"), substituting the United States as the sole

8  defendant upon certification that Keller was acting within the scope of his employment

9  during the alleged accident. *See* Dkts. 1 and 1-3.

10      On October 16, 2013, the Government filed the instant motion to dismiss Price's

11  complaint without prejudice on the basis that she failed to exhaust her administrative

12  claims as required by 28 U.S.C. § 2675(a). Dkt. 6 at 2-3. On November 11, 2013, Price

13  responded. Dkt. 8. On November 15, 2013, the Government replied. Dkt. 10.

14                          **II. DISCUSSION**

15  **A.    Legal Standards**

16      Pursuant to 28 U.S.C. § 2675(a), a plaintiff may not pursue a tort claim in federal

17  court against the United States without first presenting an administrative claim to the

18  appropriate federal agency and allowing the agency to consider her claim for six months

19  before she can file a lawsuit in federal court. *See* 28 U.S.C. § 2675(a).

20      The administrative exhaustion requirement at Section 2675(a) is jurisdictional.

21  *See, e.g., Brady v. United States*, 211 F.3d 499, 502 (9th Cir. 2000), *cert. denied*, 531

22  U.S. 1037 (2000); *see also Vacek v. U. S. Postal Service, et al.*, 447 F.3d 1248, 1250-51

(9th Cir. 2006), *cert. denied*, 550 U.S. 906 (2007); *Cadwalder v. United States*, 45 F.3d 297, 300-01 (9th Cir. 1995); *Burns v. United States*, 764 F.2d 722,724 (9th Cir. 1985). Because the administrative exhaustion requirement is jurisdictional in nature, the FTCA's exhaustion requirements must be strictly construed. *See, e.g., Vacek*, 447 F.3d at 1250-51. Subject matter jurisdiction cannot be waived. *See, e.g., Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006).

**B.    Application of Standards**

The Government argues that because Price did not fulfill the administrative exhaustion requirement prior to filing suit in federal court this Court lacks jurisdiction, as she must allow the Bureau an additional four months to process her complaint before filing suit in federal court.  Dkt. 10.

Price argues this lawsuit should not be dismissed apparently because she filed an administrative action with the Bureau; the Government failed to submit the complaint and pleadings to the United States Attorney's Office as required by 28 U.S.C. § 2679(c) during the pendency of the state court proceedings; and the Government chose to invoke federal court jurisdiction before the Bureau's time to respond to her complaint had elapsed.  *See* Dkt. 8 at 2-3.  Alternatively, Price argues that this action should be stayed until February 19, 2013 to allow the Bureau the requisite time to consider her administrative claims and to avoid incurring additional litigation expenses. Dkt. 8 at 3.

Although Price maintains, and the Government agrees, that the defendants in the state court action failed to submit the complaint and pleadings to the United States Attorney's Office as required by 28 U.S.C. § 2679(c) (*see id.* at 2), Price cites no

1   authority to support her apparent position that this failure requires the Court to maintain

2   jurisdiction over a case that it does not otherwise have jurisdiction to hear.  As the

3   Government correctly notes, and Price acknowledges, Price has not exhausted the

4   administrative process with the Bureau; therefore, the Court has no jurisdiction over this

5   case.  *See* 28 U.S.C. § 2675(a); *Brady*, 211 F.3d at 502 (9th Cir. 2000); *Vacek*, 447 F.3d

6   at 1250-51.  Further, although Price indicates that the Government invoked the Court's

7   jurisdiction via removal, she neither contests removal as improper or untimely, nor does

8   she provide any authority that the Government's removal cures or waives any

9   jurisdictional defects.  Additionally, while a stay of this action may indeed reduce the

10  parties' litigation expenses as Price maintains, she cites no authority, statutory or

11  otherwise, to indicate that this Court should stay a case over which it presently has no

12  jurisdiction.  *See* Dkt. 8.

### III. ORDER

14          Therefore, it is hereby **ORDERED** that the Government's motion to dismiss

15  without prejudice (Dkt. 6) is **GRANTED**.

16          Dated this 9th day of December, 2013.

BENJAMIN H. SETTLE
United States District Judge